IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

**JERMAINE CHARLES DUFFY**                                                    **PETITIONER**

**v.**                                                 **CIVIL ACTION NO. 3:20-cv-57-CWR-LGI**

**WARDEN WALTER VEREEN**                                                    **RESPONDENT**

### REPORT AND RECOMMENDATION
### OF UNITED STATES MAGISTRATE JUDGE

Petitioner Jermaine Duffy filed the instant petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241. He is currently in federal custody serving a 300-month sentence imposed by the United States District Court for the Northern District of Georgia for being a felon in possession of a firearm. Petitioner seeks to utilize the savings clause of 28 U.S.C. § 2255(e) to challenge the legality of his felon-in-possession conviction pursuant to *Rehaif v. United States*, 139 S. Ct. 2191, 2200, 204 L. Ed. 2d 594 (2019), which requires the government to prove the defendant's knowledge of his felony status. Because Petitioner's *Rehaif* claim fails to satisfy the savings clause of § 2255(e), the undersigned recommends that the petition be dismissed with prejudice for lack of jurisdiction.

A federal prisoner may seek post-conviction relief under either § 2241 or § 2255, but the mechanisms are distinct. *St. Junius v. Boyle*, 729 F. App'x 326 (5th Cir. 2018) (citing *Pack v. Yusuff*, 218 F.3d 448, 451 (5th Cir. 2000)). A § 2255 petition is "the primary means of collaterally attacking a federal sentence" and is properly brought in the district of conviction, while a § 2241 petition "is used to challenge the manner in which a

sentence is executed" and is properly brought in the district of incarceration. *Robinson v. United States*, 812 F.3d 476 (5th Cir. 2016) (internal quotation marks and citation omitted)). A § 2241 habeas petitioner cannot raise, in the district of incarceration, an issue which was raised, or could have been raised, in a § 2255 motion filed in the district of conviction.[1] However, if a prisoner can show that the § 2255 remedy would be "*inadequate or ineffective to test the legality of [the prisoner's] detention*," he may be permitted to bring a habeas corpus claim pursuant to § 2241 under the savings clause of 2255(e). *Reyes-Requena v. United States*, 243 F.3d 893, 901 (5th Cir. 2001) (emphasis in original) (citation omitted). If the § 2255 remedy is shown to be adequate or effective, then the district of incarceration lacks jurisdiction to entertain the § 2241 petition.

To invoke this exception and this court's jurisdiction, a petitioner must show that his claim (1) is based on a retroactively applicable Supreme Court decision establishing that the (2) petitioner may have been convicted of a non-existent offense (3) and was foreclosed by circuit law at the time when the claim should have been raised in the petitioner's trial, direct appeal, or first § 2255 motion. § 2255(e). *Reyes-Requena*, 243 F.3d at 904. Section 2241 is not a mere substitute for § 2255, and a § 2241 habeas petitioner bears the burden of coming forward with evidence as to each element of the test. *Garland v. Roy*, 615 F.3d 391, 394 (5th Cir. 2010).

---

[1] "To entertain a § 2241 habeas petition, the district court must, upon the filing of the petition, have jurisdiction over the prisoner or his custodian." *United States v. Brown*, 753 F.2d 455, 456 (5th Cir. 1985), 28 U.S.C. § 2242-2243. At the time of filing, Petitioner was in the custody of the Federal Correctional Institute-Low in Yazoo City. Although he has since been transferred to a new facility, this court has jurisdiction to entertain his § 2241 petition, notwithstanding his transfer to a different facility and custodian. *Griffin v. Ebbert*, 751 F.3d 288, 290 (5th Cir. 2014).

Relying on the United States Supreme Court's decision in *Rehaif*, 139 S. Ct. 2191, Duffy asserts that he was convicted of a non-existent offense because his felon-in-possession conviction is no longer valid.[2] In *Rehaif*, the Supreme Court held that, in prosecutions pursuant to 18 U.S.C. §§ 922(g) and 924(a)(2), the government must establish that the defendant knowingly violated each of the material elements of § 922(g), *i.e.*, that he knowingly possessed a firearm (actually or constructively) and that he knew he belonged to the relevant category of persons prohibited from doing so. *Id.* at 2200. The Fifth Circuit has rejected *Rehaif* claims under § 2255(e), however, where the petitioner neither argues nor comes forward with evidence that he was unaware of his felony status at the time of possession of the firearm. *Abram v. McConnell*, 3 F.4th 783 (5th Cir. 2021) ("Where a prisoner seeks relief under *Rehaif* but fails to 'argue that he was unaware of his [relevant] status, he has failed to demonstrate that he [is] entitled to proceed under § 2255(e)'s savings clause." *Id.* (quoting *Palmer v. Johnson*, 844 F. App'x 768, 769 (5th Cir. 2021)). Indeed, the court noted that a *Rehaif* petitioner will rarely be able to meet his burden of satisfying the third *Reyes-Requena* factor because "[c]onvicted felons typically know they're convicted felons." *Id.* at 786 (quoting *Greer v. United States*, 210 L. Ed. 2d 121, 141 S. Ct. 2090, 2098 (2021)). "The reason is simple: If a person is a felon, he ordinarily knows he is a felon. Felony status is simply not the kind of thing that one forgets." *Greer*, 141 S. Ct. at 2097.

---

[2] Because Duffy does not satisfy this factor, the Court need not consider whether the other two factors are met. *See, e.g.*, *Wilson v. Roy*, 643 F.3d 433, 437 (5th Cir. 2011).

Here, Duffy has not offered any evidence that he was unaware of his felony status, nor has he alleged such. *See, e.g., Peterson v. Butler*, No. 20-5481, 2020 WL 9211296, at *2 (6th Cir. Dec. 17, 2020), *cert. denied,* 211 L. Ed. 2d 41, 142 S. Ct. 125 (2021) (unpublished) ("Peterson argues that he is actually innocent of his § 922(g) conviction following *Rehaif* because he did not know when he possessed ammunition that he was a felon."). Liberally construed, rather, Duffy asserts that there was insufficient evidence to establish that he constructively possessed the firearm he was reportedly seen disposing of by police. Such a challenge goes to the possession element of the offense, however, not the status element of the offense—which was not the issue in *Rehaif*. *Hester v. Warden FCI Texarkana*, No. 21-40436, 2022 WL 2165976, at *1 (5th Cir. June 16, 2022) ("the status element of the offense, rather than the possession element, was at issue in *Rehaif*"). Further, possession includes constructive possession under federal law. *See Henderson v. United States*, 575 U.S. 622, 135 S. Ct. 1780, 1784, 191 L.Ed.2d 874 (2015).

In sum, nothing Duffy presents in his petition establishes that he was convicted of a non-existent offense, and none of his remaining arguments are relevant or warrant application of the savings clause exception. Absent the savings clause, this Court is without jurisdiction to consider his § 2241 petition. For these reasons, the undersigned recommends that the petition be dismissed with prejudice for lack of jurisdiction.

## NOTICE OF RIGHT TO APPEAL/OBJECT

Pursuant to Rule 72(a)(3) of the Local Uniform Civil Rules of the United States District Courts for the Northern District of Mississippi and the Southern District of Mississippi, any party may serve and file written objections within 14 days after being

served with a copy of this Report and Recommendation. Within 7 days of the service of the objection, the opposing party must either serve and file a response or notify the District Judge that he or she does not intend to respond to the objection.

The parties are hereby notified that failure to file timely written objections to the proposed findings, conclusions, and recommendations contained within this report and recommendation, shall bar that party from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court, except upon grounds of plain error. 28 U.S.C. § 636, Fed. R. Civ. P. 72(b) (as amended, effective December 1, 2009); *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1428–29 (5th Cir. 1996).

Respectfully submitted on October 25, 2022.

s/ LaKeysha Greer Isaac<br>UNITED STATES MAGISTRATE JUDGE